SERRANO ET AL., PLAINTIFFS AND APPELLANTS, v. CENTRAL CAM-
BALACHE ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action of
Denial of Servitude, etc.

No. 1394.—Decided March 30, 1916.

DENIAL OF SERVITUDE—COMPLAINT—JOINT OWNERS—CONSENT.—A complaint in
an action of denial of a servitude is sufficient when the plaintiffs allege
therein that they are the joint owners of the property and have not con-
sented to the creation of a servitude thereon, for these are the essential
allegations according to section 604 of the Civil Code.

The facts are stated in the opinion.

*Mr. R. Agrait Aldea* for the appellants.

*Mr. Félix Santoni* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants were the plaintiffs in an action of denial
of servitude brought against the Central Cambalache and
Avelino Cruz Rodríguez in which they alleged substantially
the following:

I. The capacity of the plaintiffs and defendants, the Cen-
tral Cambalache being a domestic private corporation organ-
ized and doing business under the laws of Porto Rico.

II. That the plaintiffs are the joint owners of a ninth
part in value of a property described.

III. That they inherited the joint-ownership estate from
their mother, Juliana Cruz Rodríguez, who died in 1900 and
who, together with her eight brothers whose names are given,
owned the property in common *pro indiviso* by inheritance
from the spouses Julián Cruz and Eugenia Rodríguez.

IV. That the Central Cambalache owns a private railroad
which runs from its sugar factory to various properties of
the corporation and others.

V. That trains run daily over a permanent track three
meters wide which is constructed on the said property, divid-
ing it into two parts, rendering it unsuitable for proper and

adequate development and converting it into a servient tenement of· the defendant corporation.

VI. That defendant Avelino Cruz, who is a joint owner and in charge of the property, authorized the central on his own responsibility to construct the track and has been allowing the trains of the Central Cambalache to pass over the same without the consent of the plaintiffs, thus imposing a charge upon the property of the plaintiffs against their will.

VII. That the value of the strip of land on which the track is built and the use and enjoyment ·thereof by the central amount to $500.

The complaint concludes with the prayer that the court adjudge: (1) That there is no servitude on the property · in favor of the defendant and the plaintiff joint owners executed no title in favor of the corporation; (2) that the agreement entered into by the two defendants for the construction of a track and the passage of trains over the property is null and void; (3) that the Central Cambalache abstain from running its trains over the said property and remove the track therefrom; (4) that the defendants pay the costs.

The defendants demurred to the said . complaint on the ground that it did not state facts sufficient to constitute a cause of action and the court having sustained the demurrer, the plaintiffs moved for judgment which was rendered dismissing the complaint. From that judgment the present appeal was taken.

We understand that the complaint is sufficient, for as this is an action of denial of servitude and section 604 of the Civil Code provides that in order to impose a servitude upon an undivided tenement the consent of all the joint owners is necessary and that the consent given by some only shall remain in suspension until every one of the joint owners agrees thereto, it was sufficient that the plaintiffs allege, as they did, that they were joint owners of the property on which the servitude had been imposed and that they did

not consent thereto, to be entitled to a judgment declaring the property free. These are the essential allegations in cases like this and it was not necessary to allege, as held by the lower court, that the mother of the plaintiffs retained her joint ownership up to the time of her death, that the plaintiffs were declared to be her lawful intestate or testamentary heirs, or to specify the interest which the mother of the plaintiffs had in the property. As to the reference made by the trial judge in his opinion to the case of *Velilla* v. *Pizá,* 17 P. R. R. 1069, and other analogous cases, they are not applicable to this case because this is not an action of ejectment and they were.

The judgment appealed from should be reversed and the case remanded for further proceedings.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.